UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARMEN GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00326-SEB-TAB |
| | ) | |
| SMART CARE SOLUTIONS, | ) | |
| HENRY LEES-BUCKLEY, | ) | |
| JASON COCCO, | ) | |
| MIKE LICHTFUSS, | ) | |
| LAURA WEISS, | ) | |
| SHAWN MUEHLHEUSER, | ) | |
| JOEL LEHMAN, | ) | |
| BILL EMORY, | ) | |
| GYNER OZGUL, | ) | |
| CATHY WOLF, | ) | |
| MARION BALASZEK, | ) | |
| SHANE MCELYEA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On April 29, 2024, the Court gave Plaintiff Carmen Green, who is proceeding *pro se* and *in forma pauperis*, a "final opportunity" to amend her complaint to resolve the deficiencies noted in that order. After requesting and being granted an extension of time to file her amended complaint, Ms. Green, on June 23, 2024, filed a motion to amend her complaint that was not accompanied by any proposed amended complaint. Noting this issue, the Magistrate Judge granted Ms. Green's motion, indicating that the Court would treat that motion as her amended complaint and screen it under 28 U.S.C. § 1915.

1

When a plaintiff is allowed to proceed *in forma pauperis*, the Court has an obligation to ensure that her complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* Dismissal under this statute involves an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Stated differently, it is not enough for Ms. Green to say that she has been illegally harmed. She must also state enough facts in her complaint for the Court to infer the possible ways in which the named Defendants could be held liable for the harm alleged.

Thus "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). *Pro se* complaints such as that filed by Ms. Green are construed liberally and held "to a less stringent standard than formal pleadings drafted by

2

lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

In her second amended complaint, Ms. Green alleges that her former employer, Smart Care Solutions, and various Smart Care employees discriminated against her because of her race and subjected her to retaliation after she complained of discrimination, in violation of Title VII and 42 U.S.C. § 1981. As we have previously instructed Ms. Green, individuals may not be sued under Title VII. Accordingly, her Title VII claims against the individual defendants cannot survive screening. While individuals may be sued under § 1981, Ms. Green has again failed to allege any facts regarding actions taken by the individual defendants; thus, her § 1981 claims against the individual defendants must also be dismissed.

Regarding her Title VII and § 1981 race discrimination and retaliation claims against Smart Care, although "detailed factual allegations" are not required to survive screening or a motion to dismiss, some causal relationship between the plaintiff's protected status and the alleged adverse treatment beyond "mere labels and conclusions" must be shown. *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016). While this is a low bar, a plaintiff must still allege sufficient facts from which a plausible inference of discrimination and/or retaliation because of a protected characteristic or protected activity can be drawn. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022).

With regard to her race discrimination claims, as we have previously instructed Ms. Green, her generalized complaints of harassment and bullying are not sufficient to support such an inference. In this latest complaint, Ms. Green has added conclusory

3

allegations that she was subjected to "racial epithets" and "microaggression" and treated less favorably than her white co-workers but does not provide any factual context for these general allegations, including *who* made those statements and/or engaged in such conduct, *what* they did, *when* such incidents occurred, or *how* they were connected to any adverse employment action taken against her. *See Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 855 (7th Cir. 2019) (stating that a plaintiff asserting a discrimination claim "cannot rely on … generalized allegations alone, however, but must combine them with facts particular to [her] case to survive a motion to dismiss"); *Sherman v. Conagra Foods, Inc.*, No. 21-CV-1038-SCD, 2022 WL 19114166, at *4 (E.D. Wis. May 31, 2022) (dismissing employment discrimination complaint on the grounds that the plaintiff alleged only that the employer discriminated against him and verbally harassed him, but failed to "provide any facts explaining *who* … engaged in that conduct or *what* they did"). Because Ms. Green's second amended complaint does not contain enough facts for a plausible inference that she suffered an adverse employment action *because of* any protected characteristic, her discrimination claims cannot survive dismissal.

However, Ms. Green has alleged sufficient facts, albeit barely, to allow her retaliation claim to survive screening. "To state a claim for retaliation under Title VII, a plaintiff must allege that [s]he 'engaged in statutorily protected activity' and suffered an adverse action 'as a result of that activity.'" *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017) (quoting *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015)). In her second amended complaint, Ms. Green alleges that she was subjected to racial epithets and that she complained to Smart Care's human

4

resources department of racial discrimination, after which she "encounter[ed] even more microaggression and hostile behaviors" and was denied the opportunity to move to a new department despite being qualified for the position.

Taking these facts as true and viewing Ms. Green's complaint liberally given her *pro se* status, these allegations are sufficient at the pleading stage to state a retaliation claim. First, Ms. Green's allegation that she complained of racial discrimination after being subjected to racial epithets is sufficient to allege protected activity under Title VII and § 1981. *See*, *e.g.*, *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 564 (7th Cir. 2015) (finding protected activity when employees complained to HR that their supervisor "often used racially and ethnically derogatory language in the workplace"). Second, Ms. Green's allegation that she was denied a transfer to a different department is sufficient to support a plausible inference that she suffered an adverse employment action. *See*, *e.g.*, *Clemmer v. Office of Chief Judge of Circuit Court of Cook Cnty.*, No. 06 C 3361, 2008 WL 5100859, at *8 (N.D. Ill. Dec. 2, 2008) (recognizing that the denial of a transfer could be an adverse employment action in the retaliation context). Finally, Ms. Green's allegation that once she complained to HR about race discrimination, her request to transfer was denied, is enough at this stage to support a reasonable inference of causation. For these reasons, Ms. Green's Title VII and § 1981 retaliation claims survive screening.

As detailed above, Ms. Green's Title VII and § 1981 claims against the individual defendants are dismissed, as are her Title VII and § 1981 discrimination claims against Smart Care. Because she has been given multiple chances to amend her complaint without success, those dismissals are with prejudice, meaning those claims are dismissed

for good. Accordingly, **the clerk is directed to terminate the individual defendants as defendants on the docket**. Ms. Green's Title VII and § 1981 retaliation claims against Smart Care, however, survive screening. This case will proceed only as to those claims.

IT IS SO ORDERED.

Date: 1/15/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CARMEN GREEN
10254 Toll House Way
Fishers, IN 46037

Kerry E. Saltzman
William Bax & Saltzman PC
saltzman@wbs-law.com

Patrick Spellman
Williams, Bax & Saltzman, P.C.
spellman@wbs-law.com